# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ANTHONY B. ADKINS,**

        **Petitioner,**

v.

**WARDEN, London Correctional Institution,**

        **Respondent.**

Case No. 2:21-cv-1203
Judge SARAH D. MORRISON
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

Plaintiff Anthony B. Adkins, an inmate at London Correctional Institution who is proceeding *pro se*, filed his Petition (ECF No. 1), in the United States District Court for the Southern District of Ohio, Eastern Division. On September 24, 2021, the Magistrate Judge, to whom the case was referred under 28 U.S.C. § 636(b), filed a Report and Recommendations recommending that the Petition be dismissed with prejudice and that the Court certify to the United States Court of Appeals for the Sixth Circuit that any appeal would be objectively frivolous and that Petitioner not be permitted to proceed *in forma pauperis* on appeal (Report, ECF No. 13, PageID 773.) Petitioner filed Objections on October 11, 2021 (ECF No. 14.) For the reasons set forth below, the Report is **ADOPTED**, Petitioner's Objections are **OVERRULED**, and the Petition is **DISMISSED WITH PREJUDICE**.

I.      **Factual Background and Procedural History**

The Report accurately sets forth the underlying facts and litigation history to that point (ECF No. 13, PageID 750-54, 755-57.)  The Court incorporates those discussions by reference.  The Report notes disagreements regarding the scope of review:  "Respondent asserts that the only claims reviewable on the merits in this proceeding are those fairly presented to the Twelfth District on direct appeal and that all other claims are procedurally defaulted.  Petitioner responds that ordinary processes in the prison were disrupted by delays caused by the COVID-19 pandemic."  (Report, ECF No. 13, PageID 755, citing Return of Writ, ECF No. 9, PageID 705; Traverse, ECF No. 11.)

As to Claim One, ineffective assistance of trial counsel, Petitioner claims counsel was ineffective in failing to file a motion to suppress seized materials or move to dismiss counts 2-7 and 10-15 because they were based on non-notarized, inadmissible lab reports (Report, ECF No. 13, PageID 757.)  Both claims were presented to and rejected by the Twelfth District Court of Appeals.  As to the first argument, the appellate court concluded that the motion to suppress would not have been successful, and thus, it could not have been ineffective assistance to fail to make it.  (*Id*. at PageID 757-58, quoting *State v. Adkins*, 12th Dist. Fayette No. CA2019-03-004, 2020-Ohio-535, ¶¶ 13-14 (Feb. 18, 2020).)

> The question of whether the seizures made by these Fayette County deputies were required to be suppressed for the reason Adkins argues–because they were acting outside Fayette County–is a question of Ohio law.  The Twelfth District decided that question adversely to Adkins' position and its decision on this point of Ohio law is binding on this Court.

2

(*Id*. at PageID 758, citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (*per curiam*).)

The Twelfth District also rejected the second argument, concluding that "it was not deficient for his trial counsel to raise the issue of inadmissible evidence at trial instead of a pretrial motion to dismiss." *Adkins*, 2020-Ohio-535, at ¶ 18. A motion to dismiss based on failure to notarize would not have been successful because the prosecution would have gotten new notarized statements and re-indicted. By waiting, counsel got charges dismissed with jeopardy attached (Report, ECF No. 13, PageID 759, citing *Martinez v. Illinois*, 572 U.S. 833 (2014); *Crist v. Bretz*, 437 U.S. 28 (1978).)

> When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.

(*Id*. citing 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693- 94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).) As the Twelfth District reasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), the claim must be dismissed. (*Id*. at PageID 759-60.)

Claim Two—insufficient evidence to support his conviction—was raised as the Third Assignment of Error in the Twelfth District. *Adkins*, 2020-Ohio-535, ¶¶ 21-22. While such a claim is available in habeas corpus, *Jackson v. Virginia*, 443 U.S. 307 (1979), two levels of deference are required on a sufficiency of the evidence claim:

3

> First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In doing so, we do not reweigh the evidence, reevaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (emphasis removed).

> The Magistrate Judge concludes the Twelfth District's decision on the weight of the evidence is entitled to deference because it is not an unreasonable application of the *Jackson* standard. Adkins' Petition emphasizes the many ways in which the credibility of the confidential informant was undermined on cross-examination, but the credibility of witnesses is for the jury to decide and they clearly decided to believe him.

(Report, ECF No. 13, PageID 765.) Consequently, the Magistrate Judge recommended that Claim Two be denied.

The Magistrate Judge concluded that Claim Three—denial of a fair trial and ineffective assistance of trial counsel—was properly raised in Petitioner's state court postconviction petition, as it relied on evidence *dehors* the record. However, the Respondent argued that the claim was procedurally defaulted because Petitioner failed to timely appeal the trial court's denial of his petition (Report, ECF No. 13, PageID 765-66.) Petitioner did not argue that he timely appealed but that restrictions imposed by the COVID-19 pandemic prevented him from filing a timely

4

appeal and constitute good cause to set aside his procedural default (*Id.* at PageID 766, quoting Traverse, ECF No. 11, PageID 745-46.) The Magistrate Judge rejected this argument, concluding that such a claim was belied by the facts that his petition was denied on January 26, 2021[1], and he filed both his Notice of Appeal and Motion for Leave to File Delayed Appeal on March 11, 2021 (*Id.*, citing State Court Record, ECF No. 8, PageID 203-04, 222-33.) As "[t]ime limits on appeal are an adequate and independent state law basis for denying relief" (*id.* at PageID 768, citing *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)), the Magistrate Judge concluded that Adkins' Third Ground for Relief is procedurally defaulted by his failing to timely appeal from the denial of his post-conviction petition." (*Id.* at PageID 769.)

Finally, as to Claim Four, the Magistrate Judge noted that Adkins raised several claims, including claims arising under *Brady v. Maryland*, 373 U.S. 83 (1973), for the first time in his Application to Reopen Direct Appeal under Ohio App.R. 26(B). "Raising these claims as ineffective assistance of appellate counsel claims, which is the sole purpose of App. R. 26(B), does not preserve the underlying claims. The question for this Court is whether the Twelfth District's decision of the 26(B) Application was a reasonable application of *Strickland*." (Report, ECF No. 13, PageID 769.) The Twelfth District rejected *Strickland* claim on grounds that

---

[1] The Magistrate Judge lists the denial as occurring on February 2, 2021 (Report, ECF No. 13, PageID 766.) However, that was a judgment entry amended only as to the case number (State Court Record, ECF No. 8, PageID 203.) Petitioner acknowledges the effective date of the judgment as January 26. (*Id.* at PageID 222.)

5

appellate counsel has to winnow out the issues and cannot raise every issue on appeal (*Id*. at PageID 772, quoting State Court Record, ECF No. 8, PageID 220.) The Magistrate Judge concluded that this was a reasonable application of *Strickland* and cannot be disturbed. *Id*. at PageID 772-73.

## II.     Legal Standard

A District Judge may, as here, refer a dispositive matter to a Magistrate Judge "to submit to a judge of the court proposed findings of fact and recommendations for the disposition[.]" 28 U.S.C. § 636(b)(1)(B).

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

> [W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits . . . review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. See *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater,* 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's [decision] are deemed waived")).

*Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000).

6

### III. Analysis

#### A. Claim One

Petitioner raises two Objections as to Claim One. *First*, he claims that contrary to the Magistrate Judge's conclusion, the record merely states the investigators' beliefs (Objections, ECF No. 14, PageID 777.) To the extent that Petitioner is claiming that the record is inaccurate or incomplete, the Court is limited to the record as it was made and developed in state court. *Pinholster*, 563 U.S. 170. Thus, any relief sought by Petitioner is not properly raised in objections, and his Objection must be overruled. *Second*, he argues that contrary to the Magistrate Judge's contention, the defense counsel actually did object to the lab reports' not being notarized (Objections, ECF No. 14, PageID 778, citing Trial Tr., ECF No. 8-1, PageID 547, 551, 608.) Yet, the salient issue is not *whether* the reports were objected to, but *when*. The Twelfth District reasonably found that waiting until trial—when jeopardy had attached—to object was sound and effective trial strategy, "notwithstanding the fact that this strategy afforded the prosecution an opportunity to present testimony regarding additional cocaine sales." *Adkins*, 2020-Ohio-535, at ¶ 18. The Magistrate Judge correctly concluded that this was a reasonable application of *Strickland*, and thus, it may not be disturbed by this Court. Accordingly, Petitioner's Objections as to Claim One are **OVERRULED**.

#### B. Claim Two

Petitioner's Objections as to Claim Two deal in part with the confidential informant ("CI") who testified against Petitioner at trial. He claims that the CI was

7

an unreliable witness and that, "[i]n direct conflict with the Report and Recommendation, the CI's sobriety was questioned, on the Record." (Objections, ECF No. 14, PageID 779, citing Trial Tr., ECF No. 8-1, PageID 377, 391, 486-87.) Even assuming this is true, and that lack of sobriety should have excluded the CI's testimony, it does not undercut the state court's conclusion that there was sufficient evidence on which to convict Petitioner. The Twelfth District noted that:

> In addition to the confidential informant, the jury heard from three detectives involved in the investigation. These detectives testified that on each occasion the confidential informant was physically searched by one of the detectives and then driven by a detective to the sale location. During the operation, the informant was under law enforcement supervision except for the short time he would leave the vehicle to conduct the purchases. Upon coming back to the vehicle, all the witnesses involved in the operation testified that the informant would give the crack cocaine to the detective escorting him. These detectives, together with the detective assigned to evidence room supervision, testified as to the chain of custody for the substances received from these transactions. Moreover, the prosecution presented video recordings taken from a device the informant carried into several of his "buys." In these videos, appellant can be identified as the person meeting with the informant. Finally, the state presented laboratory reports from the BCI identifying the purchased substances as containing cocaine and their various weights. Altogether, this evidence demonstrated that appellant knowingly possessed and sold crack cocaine to the informant in six transactions, two of which involved substances with a mass of 5.5 grams and 35.44 grams.

*Adkins*, 2020-Ohio-535, at ¶ 29. In the light most favorable to the prosecution, there is more than enough evidence to sustain a conviction even if the CI were found not to be credible—a reweighing of the evidence that this Court may not do.

Petitioner further objects that "the Application is confusing. The Report and Recommendation is based in-part on the lack of an argument on the Grounds, but Petitioner is instructed not to argue any issue. Mr. Adkins knows that a proper

8

Brief of these Grounds would result in the Relief Sought." (Objections, ECF No. 14, PageID 779.) Not so. The Magistrate Judge properly applied the doubly deferential standard required of this Court and concluded that the state court determination was not unreasonable. Petitioner's Objections as to Count Two are **OVERRULED**.

### C. Claim Three

As to the procedural default issue, Petitioner objects that "[t]he Report and Recommendation does not give account for the fact that the Delay was due to waiting on Notary Services, for his Affidavit of Indigence. The delay was caused because the prison was without a certified Notary Public for weeks." (Objections, ECF No. 14, PageID 780.) He also argues that "[t]he prison provided limited access to legal materials, some basic forms were preprinted, while others had to hand written [*sic*]. The prison officials would never provide documentation to support these facts. The Institution Librarian was Reprimanded for providing similar documentation for a litigant." *Id.* Petitioner did not raise these issues in his Traverse, and being raised for the first time in his Objections, they are waived. *Murr*, 200 F.3d at 902 n.1. As Petitioner makes no other argument as to good cause to set aside his procedural default, his Objection is **OVERRULED** as to Claim Three.

### D. Claim Four

Petitioner objects that "[t]he Respondent's claims of procedural default are wrong, because Ohio has an avenue through this Appellate Rule. Appellate Counsel was ineffective for failing to raise these issues." (Objections, ECF No. 14, PageID

9

781.) Further, he claims "[t]he standard for ineffective assistance of Counsel, was never considered by the Appellate Court." (*Id*.) Petitioner's objection is belied by the Twelfth District's decision, which revealed that the court "fully considered many of these legal arguments" that counsel was supposedly deficient in failing to raise (State Court Record, ECF No. 8, PageID 219-20.) Moreover, the decision reveals an extensive discussion of the *Strickland* standard with well-reasoned conclusions as to why Petitioner's counsel was not ineffective. (*Id*. at PageID 220.) In light of the above, the appellate court's decision that counsel was not deficient in failing to raise the issues expressly presented by Petitioner (*id*. at PageID 220) was not an unreasonable application of *Strickland*. Thus, this Court may not disturb that determination, and Petitioner's Objections are **OVERRULED**.

### IV. Conclusion

For the foregoing reasons, the Report (ECF No. 13) is **ADOPTED**, Petitioner's Objections (ECF No. 14) are **OVERRULED**, and the Petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**. Judgment shall enter in favor of Respondent and against Petitioner. This Court certifies that any appeal would be objectively frivolous, and Petitioner should not be permitted to proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Date: October 15, 2021   /s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE